# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CLARENCE CARNELL GASTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. 4-90        William B. Acree, Jr., Judge**

---

**No. W2009-01690-CCA-R3-PC  - Filed March 16, 2010**

---

The petitioner, Clarence Carnell Gaston, appeals the trial court's denial of his petition to reopen his post-conviction petition.  The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the petitioner did not comply with the statutory requirements for seeking discretionary review of the denial of his motion, this court has no jurisdiction in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Clarence Carnell Gaston, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Mark E. Davidson, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner and two co-defendants were convicted in March 2001 of first degree felony murder, second degree murder, and conspiracy to commit second degree murder arising out of a shooting on New Year's Day 1999.  See State v. Clarence Carnell Gaston, Miqwon Deon Leach, and Mario Deangalo Thomas, No. W2001-02046-CCA-R3-CD, 2003 WL 261941, at *1 (Tenn. Crim. App. Feb. 7, 2003), perm. to appeal denied (Tenn. Sept. 2, 2003).  The petitioner's second degree murder conviction was merged into the first degree felony murder conviction, and he was sentenced to life imprisonment without the possibility of parole on the murder conviction.  He was also sentenced to eight years on the conspiracy conviction, to be served concurrently with the murder sentence.  Id.  This court affirmed the

petitioner's convictions and sentences on direct appeal but remanded for the trial court to enter a corrected judgment showing that the petitioner was found guilty by a jury. Id. at 17.

The petitioner subsequently sought post-conviction relief, and a hearing was held on May 24, 2004. See Clarence Carnell Gaston v. State, No. W2004-01703-CCA-R3-PC, 2005 WL 1467908, at *1 (Tenn. Crim. App. June 21, 2005). The post-conviction court denied the petition, and this court affirmed the denial. Id. The petitioner filed a writ of habeas corpus in the Obion County Circuit Court on July 11, 2007, which was dismissed by the trial court and the dismissal affirmed by this court on appeal. See Clarence Carnell Gaston v. State, No. W2007-01841-CCA-R3-HC, 2008 WL 2115470, at *1 (Tenn. Crim. App. May 20, 2008).

On April 28, 2009, the petitioner filed a *pro se* motion to reopen his post-conviction petition in the Obion County Circuit Court. In his petition, the petitioner alleged various errors regarding the jury at his original trial. He also alleged that the trial court improperly allowed witnesses to testify concerning his prior bad acts and allowed a witness to testify concerning a prior conviction, that his sentences were illegally enhanced, and that the cumulative effect of the errors necessitated that his convictions be vacated. The post-conviction court denied the motion on May 11, 2009, finding that the motion was not timely filed and failed to state a colorable claim. The petitioner filed a notice of appeal on June 9, 2009.

A petitioner has no appeal as of right from a lower court's denial of his motion to reopen a post-conviction petition. See Tenn. R. App. P. 3(b); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), perm. to appeal denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006). The statute governing motions to reopen post-conviction petitions provides that if a motion to reopen is denied by the lower court, "the petitioner shall have ten (10) days to file an application *in the court of criminal appeals* seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." Tenn. Code Ann. § 40-30-117(c) (2006) (emphasis added); see also Tenn. Sup. Ct. R. 28, § 10(B); Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002) ("Accordingly, Tenn. Code. Ann. § 40-30-217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.").

The petitioner filed a notice of appeal rather than an application for permission to appeal. Our supreme court has determined that a notice of appeal may be construed as an application for permission to appeal if it "contain[s] sufficient substance that it may be

effectively treated as an application for permission to appeal." See Graham, 90 S.W.3d at 691. The court noted that "[i]n general, the contents of an application for appeal must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. Here, however, the petitioner's notice of appeal does not contain sufficient substance, such as the issue the petitioner seeks to raise or the reasons why the appellate court should grant review, that it may be effectively treated as an application for permission to appeal.

Even assuming that the contents of the notice of appeal were sufficient to meet the requirements of the application for permission to appeal, it appears that the petitioner failed to file such within ten days from the date the post-conviction court denied his motion to reopen. The trial court's order denying the petitioner's motion to reopen was filed on May 11, 2009, and the petitioner's notice of appeal was filed June 9, 2009.[1] Moreover, the notice of appeal was filed in the Obion County Circuit Court and not this court as required by the statute.

Here, the petitioner failed to file his application for permission to appeal within ten days of the date on which the lower court's denial of the motion was filed or to file his application in the proper court. Because he failed to substantially comply with the procedural requirements outlined in the statute, we lack jurisdiction to entertain the appeal. Accordingly, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE

---

[1] The petitioner signed the notice of appeal on May 19, 2009, but there is no indication in the record as to when the petitioner delivered the notice of appeal to the appropriate person at the correctional facility. See Tenn. Sup. Ct. R. 28, § 2(G) (stating that papers filed by an incarcerated *pro se* petitioner are deemed timely filed if delivered to the appropriate individual at the correctional facility within the time fixed for filing. The burden is on the *pro se* petitioner to establish compliance with this provision.). The only date evident in the record is the date the notice was stamped as filed with the court clerk – June 9, 2009.